UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 14 2016

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| vs. | § | CRIMINAL NO. **16 CR 0148** |
| | § | |
| JOSE RAUL SUSTAITA | § | |

### CRIMINAL INDICTMENT

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times material to this Indictment:

1.  The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2.  The term "child pornography," for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), as:

    "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -

    (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct";

3.  The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2), as any:

"actual or simulated -
(i) sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
(ii) bestiality; [or]
(iii) masturbation; [or]
(iv) sadistic or masochistic abuse; or
(v) [the] lascivious exhibition of the genitals or pubic area of any person."

4. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

"electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device."

5. The term "producing", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(3) and case law, as:

"producing, directing, manufacturing, issuing, publishing or advertising" and includes downloading or copying visual depictions from another source.

6. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

"undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE
### (Receipt of Child Pornography)

On or about January 1, 2014 through February 15, 2016, within Southern District of Texas and elsewhere,

**JOSE RAUL SUSTAITA,**

defendant herein, did knowingly distribute material that contains child pornography using any means and facility of interstate and foreign commerce.

2

In violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1).

### COUNT TWO
### (Possession of Child Pornography)

On or about February 16, 2016, within the Southern District of Texas,

**JOSE RAUL SUSTAITA,**

defendant herein, did knowingly possess material that contained multiple images and videos of child pornography, which had been shipped and transported using any means and facility of interstate and foreign commerce, or which were produced using materials which have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer; more specifically, the defendant possessed an LG cell phone containing an SD card which contained video and still images of child pornography.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

A True Bill:

Original Signature on File

Grand Jury Foreperson

KENNETH MAGIDSON
United States Attorney

By: *Sherri L. Zack*
Sherri L. Zack
Assistant United States Attorney
713-567-9374

3