UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | CRIMINAL NO. H-16-148 |
| JOSE RAUL SUSTAITA, Defendant. | § § § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Jose Raul Sustaita ("Defendant"), and Defendant's counsel, Genesis Draper, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 2 of the Criminal Indictment. Count 2 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000. If a Defendant has a prior conviction under Chapter 110, the **statutory** maximum is

imprisonment for not less than 10 years nor more than 20 years. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

### Immigration Consequences

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### The United States' Agreements

6. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 2 of the Criminal Indictment, does not contest that he has a qualifying prior for the enhanced statutory penalty, and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss Count 1 of the Criminal Indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

7. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of

Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

8. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

9. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should

impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

10. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.
>
> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and
>
> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

11. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 2 of the Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Cyber tip 2422196, reported to the National Center for Missing and Exploited Children (NCMEC) from Google, involved a person uploading an image of suspected child pornography. The email address associated with the tip was lildolens2013@gmail.com. There were several Internet Protocol (IP) addresses also associated with the cyber tip. IP address 165.91.12.169 resolved to Texas A&M University in College Station, TX. Two other cyber tips were also related to this report. The above mentioned cyber tip was received by Sgt. Blame Rodgers of the Office of the Attorney General Law Enforcement Division on May 21, 2014, from the NCMEC.

The suspected image depicts a prepubescent nude female child lying on her back with her arms up and her legs spread. An adult male is penetrating the child's vagina with his erect penis.

The IP address provided resolved back to T-Mobile. T-Mobile indicated that they could not isolate a particular individual due to the amount of people using the Wi-Fi at that location. Because this occurred at Texas A&M, Sgt. Rodgers contacted the IT help desk at the university. Texas A&M was of little assistance and provided a name that was not the suspect and who was ruled out because he was an AT&T customer not a T-Mobile customer. The investigation was closed as there were no further leads.

On April 4, 2015, the investigation was reopened. Sgt. Rodgers received two new separate cyber tip reports from NCMEC. Cyber tip 4473241 indicated that Google reported a user identified as lildolens75@gmail.com, with attached phone number with a 979 area code, and ending with 0274. That report provided 6 images of child pornography. Cyber tip 4279133 was also reported to NCMEC by Google with the same email address and phone

number and provided one image of child pornography. Sgt. Rodgers reviewed the images and noted that the IP address returned to T-Mobile. Knowing T-Mobile would not identify a single user Sgt. Rodgers looked to other avenues of identification.

Sgt. Rodgers traced the phone number. Sgt. Rodgers narrowed his search to a person using that number between 4/1/14 and 5/1/15. T-Mobile produced subscriber information for Defendant Sustaita associated with an address of 504 Commerce Street in Bryan, TX for the time frame of 2/11/15 to 7/28/15. The Defendant's name was entered into databases and returned as a registered sex offender with two addresses in Bryan, TX. One was the 504 Commerce address where he lived on Mondays and Tuesdays and one at 134 Luther St. apt. 127 where he lived from Wednesdays to Sundays.

State search warrants were drafted for both locations. The warrants were authorized by Brazos County 272nd District Judge Travis B. Bryan. The warrants were executed on February 16, 2016.

Contact was made with Sustaita at the Luther St. address. A search of the immediate area for weapons revealed a cell phone hidden under a couch cushion where Sustaita was sitting. Sgt. Rodgers asked Sustaita if he would like to speak with him. Sustaita agreed to speak with Sgt. Rodgers and waived his *Miranda* rights. All of this was captured on video. Sustaita admitted to viewing child pornography, up to and including, the day the warrant was executed. Defendant stated he looks at girls who are 13 years of age and up. Sustaita advised he used the phone found under the couch cushion and saves the images to a folder he set up on the SD card. The Defendant further advised he has been doing this since 2014. Sustaita entered a guilty plea to one count of Distribution of Child Pornography before the Honorable Lynn Hughes on

October 17, 2005, in the Southern District of Texas. Sustaita was released from prison in the Distribution case in 2010 claims he did not view child pornography on line again until 2014.

As per the Defendant's statement, law enforcement found a folder titled "pix" which contained numerous images of child pornography. After all the forensic examinations were done, a total of 359 images meeting the federal definition of child pornography were found on the cell phone (LG) containing the 16GB SD card. There were also 421 images of child erotica. This phone had web search history showing Defendant used the search engine Bing to obtain the child pornography. There were also several nude selfies of the Defendant where the LG phone is visible in the image. The SD card within the phone contained 180 images of child pornography and 201 images of child erotica. The LG phone and SD card were manufactured outside of the State of Texas. The images were obtained from the Internet a means and facility of interstate and foreign commerce.

## Breach of Plea Agreement

12. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

13. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

14. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

15. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

16. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

9

## Restitution

17. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

18. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture and in any supplemental Notices is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

19. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

21. Subject to the provisions above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Notification of the Sex Offender Registration and Notification Act

23. Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

24. This written plea agreement, consisting of 14 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

25. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ____Houston____, Texas, on __12th of September__, 2016.

_____
Defendant

Subscribed and sworn to before me on ____September 12____, 2016.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney

By: _____
Sherri L. Zack
Assistant United States Attorney
Southern District of Texas

_____
Genesis Draper
Attorney for Defendant

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CRIMINAL NO. H-16-148 |
| | § |
| JOSE RAUL SUSTAITA, | § |
| Defendant. | § |

**PLEA AGREEMENT -- ADDENDUM**

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         _9/12/16_____
Attorney for Defendant                                     Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement

13

with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_____        9/12/2016
Defendant                              Date

14